Yvonne YOUNG

v.

NUCLEAR REGULATORY COMMISSION, et al.

Civ. No. JFM–93–1809.

United States District Court, D. Maryland.

March 29, 1994.

See, 43 F.3d 1470.

Yvonne Young, pro se.

David Salem, Office of U.S. Atty., Baltimore, MD, defendant.

### MEMORANDUM

MOTZ, Chief Judge.

Yvonne Young, a former employee of the Nuclear Regulatory Commission ("NRC"), has filed this action asserting that her removal from federal service violated the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964.[1] Defendants have filed a

---

1. Plaintiff is appearing *pro se* in this action. However, she was represented by an attorney during the hearing held before an administrative judge of the Merit Systems Protection Board at

motion for summary judgment to which plaintiff has responded.

Plaintiff was employed as a project manager at the NRC. On January 31, 1992 the NRC proposed that she be removed from federal service for unacceptable performance. On February 19, 1992 plaintiff objected in writing to her proposed removal. On March 9, 1992 the NRC issued a decision adverse to plaintiff and ordered that she be removed from federal service as of March 11, 1992. Plaintiff appealed that decision to the Merit Systems Protection Board ("MSPB").

A transcribed hearing was held before the MSPB on June 3, 1992. Three representatives of the NRC testified at the hearing. Plaintiff and another witness called by plaintiff testified at the hearing. On June 26, 1992 the administrative judge issued a written opinion affirming the decision of the NRC to remove plaintiff. Plaintiff filed a petition for review of the administrative judge's decision by the full MSPB. On November 23, 1992 this petition was denied. Thereafter, plaintiff petitioned the Equal Opportunity Commission ("EEOC") for review of the MSPB's decision. On May 13, 1993, after a *de novo* review of the record, the EEOC concurred in the decision of the MSPB that plaintiff's removal was not discriminatory. Plaintiff then filed this action.

I have conducted a *de novo* review of the record and find that the conclusions of the MSPB and the EEOC that plaintiff's removal from federal service was not discriminatory are amply supported by the record and are, in fact, correct. The written decisions of the MSPB and the EEOC are analytically sound and factually accurate and no useful purpose would be served by my merely restating what they have already said.[2] Suffice it to say that the record unequivocally establishes that after having been issued a Performance Improvement Requirement Memorandum giving her 120 days to improve her performance, plaintiff failed to perform acceptable work on three separate projects that were assigned to her. Timothy Johnson of the NRC who assigned these projects to plaintiff provided detailed testimony concerning the inadequacy of her performance on them. *See* Transcript of Hearing held before Administrative Judge Elizabeth Bogle, at 17–54. Plaintiff has never contradicted this testimony, and it is clear from it that the NRC clearly had legitimate reasons to find that plaintiff's performance was unacceptable and warranted her removal from federal service.

Plaintiff asserts two claims under the Rehabilitation Act of 1973. The first of these claims, based upon her heart condition, fails because she has not presented evidence to show that this condition substantially impairs any major life activity as required to establish a claim under the Act. Her second claim, based upon the contention that she was perceived as having a mental impairment, fails because there is no evidence that the officials of the NRC knew of the psychiatrist's report allegedly giving rise to this perception.

A separate order is being entered herewith granting defendants' motion and entering summary judgment on their behalf.

## ORDER

For the reasons stated in the memorandum entered herein, it is this 29th day of March 1994

ORDERED

1. Defendants' motion for summary judgment is granted; and

2. Judgment is entered in favor of defendants against plaintiff.

---

which a full and complete factual record was established.

2. The only legal issue on which the administrative judge of the MSPB and the EEOC arguably differed was on plaintiff's reprisal claim. The administrative judge had ruled against plaintiff on the alternative grounds that she had failed to prove a *prima facie* case of reprisal and that, assuming that she had done so, the NRC had established a legitimate, nondiscriminatory reason for its decision to remove her. The EEOC affirmed only on the latter two of these grounds. I agree with the EEOC on this point.